IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No.  07-cv-00297-EWN-MJW

ROBERT NEELY,

Plaintiff,

v.

A. ESTEP, Warden, et al.,

Defendants.

---

**MINUTE ORDER**

---

It is hereby **ORDERED** that plaintiff's Motion for Default (Docket No. 17) is **denied**.  A default will not be entered at this time because defendants Estep, Torres, Kochevar, Brown, and Martinez need not answer or otherwise respond to the Complaint until May 21, 2007 (See Docket No. 20).  Therefore, this motion is premature as to those defendants.  Furthermore, as to defendant Gary Watkins, he has not been served with process, and this motion is thus also premature as to this defendant.  It is further

**ORDERED** that plaintiff's Motion for Orders (Docket No. 18) is **denied**.  Plaintiff has made no showing of retaliation.  As noted above, defendants Estep, Torres, Kochevar, Brown, and Martinez need not answer or otherwise respond to the Complaint until May 21, 2007.  Therefore, the fact that plaintiff has not received a response from defendants does not show retaliation and/or that plaintiff's mail has been tampered with or lost at the facility.  Likewise, plaintiff's receipt of the court's docket on Tuesday, April 24, 2007, does not show tampering as the docket sheet was mailed on the afternoon of Thursday, April 19, 2004, which is not an unreasonable delivery time, especially with the item going from Denver to Canon City and into a correctional facility.  Furthermore, an inmate does not have a constitutional right to free or unlimited access to a photocopier.  Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980); Wallin v. CMI, 2007 WL 840870, *2 (D. Colo. Mar. 19, 2007) ("[I]t is well established that [inmate plaintiff] does not have a constitutional right to free use of a photocopier . . . and [plaintiff] has failed to cite any caselaw indicating that this court should force the prison to extend him credit to pay for his copies.  Furthermore, [plaintiff] does not explain why he cannot make the necessary copies the old fashioned way–by hand.").  Finally, this court as a matter of course routinely adds the case manager on the service list in prisoner cases.  Plaintiff's case is no exception.  The case manager will continue to be

on the service list.  It is further

**ORDERED** that plaintiff's Motion for Repeated Service Attempt (Docket No. 19) is **denied without prejudice**.  According to Docket No. 11, defendant Gary Watkins has retired and no longer works for the Colorado Department of Corrections.  Service on defendant Watkins will be reattempted once plaintiff provides the court with defendant Watkin's current address at which he can be served.  It is plaintiff's responsibility, not the court's, to obtain a defendant's address.  Defendant Watkins may very well be dismissed as a defendant without prejudice if he is not served within 120 days after the filing of the Complaint.  See Fed. R. Civ. P. 4(m).

Date: April 30, 2007