IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00297-EWN-KLM

ROBERT NEELY,

    Plaintiff,

v.

A. ESTEP – Warden FLF (2006 – ),
G. WATKINS – Warden, FLF (2003 – 06),
CAPT. TORRES – Segregation Officer FLF,
LT. KOCHEVAR – Mailroom Super (2003 – 06),
MS. BROWN – Law Librarian FCF,
R. MARTINEZ – H.S.A. FCF,

    Defendants.

---

## RECOMMENDATION FOR DISMISSAL

---

Magistrate Judge Kristen L. Mix

    Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. Plaintiff has been instructed to make such payments. *See* Order of March 2, 2007 (Doc. # 6).

**I.    Background**

    On July 17, 2007 (Doc. # 31), plaintiff was ordered either to make the required monthly payments or to show cause why he had no assets and no means by which to make the monthly payments from May 2007 to the present. Plaintiff was warned that a failure to comply with that Order would result in the dismissal of his complaint and the

action. Notwithstanding that Order and warning, plaintiff has not made any payments, nor has he submitted any inmate account statements showing that he has no assets and no means by which to make a monthly payment. Plaintiff therefore has not complied with the Court's July 17, 2007 Order.

## II.  Discussion

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the court enumerated the factors to be considered when evaluating grounds for dismissal of an action. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; . . . and (5) the efficacy of lesser sanctions. " *Ehrenhaus*, 965 F.2d at 920 (citations omitted); *see also Gates Rubber Co. v. Bando Chems., et al.*, 167 F.R.D. 90, 101 (D. Colo. 1996). The Court now turns to the *Ehrenhaus* factors.

### 1. Prejudice to the Defendant

From a review of his case file, I find that plaintiff's failure to provide either a monthly payment or to demonstrate his inability to pay by presenting a verified copy of his inmate account, has not delayed the progression of his case toward resolution, nor have defendants been prejudiced or adversely impacted.

### 2. Interference with the Judicial Process

Here, I consider plaintiff's failure to comply with this Court's July 17, 2007 Order to Show Cause. I recommend finding that plaintiff's persistent failure to follow the Court's Order with respect to his obligation to pay the filing fee, and the Court's

continual review of his file and issuance of orders regarding the filing fee increase the workload of the Court and therefore interfere with the administration of justice.

### 3. Culpability of the Plaintiff

Plaintiff was given an expressed order to make payments toward the filing fee or to show cause why he could not. See Order of March 2, 2007. Plaintiff was ordered thereafter to show cause why his case should not be dismissed for the failure to make payments. Plaintiff failed to respond to that Order. From the record, the Court must draw the conclusion that plaintiff is blameworthy because he has willfully ignored this Court's Order.

### 4. Advance Notice of Sanction of Dismissal for Noncompliance

Plaintiff has previously been warned that he risked dismissal of his case if he continued to fail to comply with this Court's Order. See July 17, 2007 Order. Upon weighing the Ehrenhaus factors, I find that, although defendants are not prejudiced by plaintiff's failure to follow the court orders, plaintiff has impeded the orderly administration of justice in general because the Court is required to evaluate plaintiff's ability to pay each month. Plaintiff further has disregarded and failed to respond to this Court's Order; and finally, he has been warned that his case would be dismissed if he continued to ignore court orders.

### 5. Efficacy of Lesser Sanctions

Lesser sanctions would not be effective because plaintiff has failed to follow other court orders. Four out of five Ehrenhaus factors thus weigh against plaintiff so that a recommendation of dismissal is appropriate.

## III.     Conclusion

Accordingly, for the reasons stated, it is **RECOMMENDED** that the complaint and this action be **dismissed with prejudice** for failure to comply with the Court Orders dated March 2, 2007 and July 17, 2007. Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objection in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

DATED September 10th, 2007

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party form the *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).