IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–00297–EWN–KLM

ROBERT NEELY,

    Plaintiff,

v.

A. ESTEP – Warden FLF (2006 – ),
G. WATKINS – Warden, FLF (2003 – 06),
CAPT. TORRES – Segregation Officer FLF,
LT. KOCHEVAR – Mailroom Super (2003 – 06),
MS. BROWN – Law Librarian FCF,
R. MARTINEZ – H.S.A. FCF,

    Defendants.

---

## ORDER AND MEMORANDUM OF DECISION

---

This is a prisoners' rights case. Plaintiff Robert Neely alleges that Defendants violated his civil rights by, *inter alia*, placing him in segregation, denying him access to legal supplies and records, failing to respond to his grievances, tampering with his mail, and taking various other actions. This matter comes before the court on "Plaintiff's Response to 'Recommendation of Dismissal,'" filed September 28, 2007. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an inmate at Fremont Correctional Facility ("FCF") in Canon City, Colorado. (*See* Prisoner Compl. at 2 [filed Feb. 12, 2007].) On February 12, 2007, Plaintiff filed a complaint

in this court, alleging that Defendants violated his civil rights by retaliating against him as a result of an earlier, successful section 1983 action that he had brought against the Colorado Department of Corrections ("CDOC"). (*See id.* at 3.) Specifically, Plaintiff claimed that Defendants committed such illegal acts as segregating him without cause, interfering with his mail, refusing him access to legal documents, and ordering illegal searches and seizures of his legal work. (*See id.*)

On March 2, 2007, Magistrate Judge Boyd N. Boland granted Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of his initial filing fee. (*See* Order Granting Pl. Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial Filing Fee [filed Mar. 2, 2007] [hereinafter "3/2/07 Order"].) The magistrate judge ordered Plaintiff to "make monthly payments to the Court of twenty percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment." (*Id.* at 2.) The magistrate judge warned that "if [Plaintiff] fails to have monthly payment sent to the Clerk of the Court *each month* or to show cause *each month* as directed . . . why he has no assets and no means by which to make the monthly payment, the [complaint] will be dismissed without prejudice and without further notice." (*Id.* at 3 [emphasis added].)

On April 26, 2007, Plaintiff filed an inmate trust fund account statement with this court showing that he had a negative balance in his account. (*See* Lodging of Financial Statement at 2 [filed Apr. 26, 2007] [hereinafter "4/26/07 Statement"].) From May through June 2007, Plaintiff filed two motions with this court, but made no payments nor filed any inmate trust fund account

statements. (*See* Appeal of Magistrates [sic] Order [filed May 14, 2007]; Mot. for Extension of Time [filed June 15, 2007].)

On July 17, 2007, Magistrate Judge Michael J. Watanabe issued a second order for Plaintiff to pay his filing fee or show cause why he could not. (*See* Order Directing Pl. to Make Monthly Filing Fee Payment or to Show Cause [filed July 17, 2007] [hereinafter "7/17/07 Order"].) The magistrate judge found that Plaintiff had not made his May or June payments, nor shown cause for his failure to so do. (*See id.* at 2.) The magistrate judge stated: "It is not acceptable for [P]laintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause." (*Id.*) The magistrate judge ordered that "by the **15th day** of **each** month . . . [P]laintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating [his inability to pay]." (*Id.* [emphasis in original].) The magistrate judge warned that "if [P]laintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice." (*Id.* at 3.)

On September 10, 2007, Magistrate Judge Kristen L. Mix issued a recommendation to dismiss Plaintiff's claims with prejudice for his failure to follow Magistrate Judge Boland's or Magistrate Judge Watanabe's orders. (*See* Recommendation for Dismissal [filed Sept. 10, 2007] [hereinafter "Dismiss Rec."].) Magistrate Judge Mix found that Plaintiff had failed to make *any* monthly payments from May 2007 until the date of her order, and recommended dismissal for the reasons discussed below. (*See id.* at 1.) On September 28, 2007, Plaintiff filed an objection to the magistrate judge's recommendation, proffering multiple excuses for his repeated failure to

follow this court's orders. (*See* Pl.'s Resp. to 'Recommendation for Dismissal' [filed Sept. 28, 2007] [hereinafter "Pl.'s Br."].) On October 23, 2007, Defendants responded, arguing that Plaintiff's objections to the magistrate judge's recommendation should be overruled. (*See* Defs.' Resp. to Pl.'s Objection to Magistrate Judge's "Recommendation for Dismissal" [filed Oct. 23, 2007] [hereinafter "Defs.' Resp."].) Plaintiff never replied.[1]

On November 1, 2007, Plaintiff filed another inmate trust fund account statement with this court. (*See* Statement of Account Activity [filed Nov. 1, 2007] [hereinafter "11/1/07 Statement"].) Between November 1, 2007, and the date of this order, Plaintiff has filed no further statements nor made any payments.

## ANALYSIS

### 1. *Legal Standard*

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3) (2008). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

---

[1]On November 1, 2007, Plaintiff *did* file a document entitled, "Motion to Deny Dismissal," which appears to be responsive to an outstanding motion to dismiss on substantive grounds. (*Compare* Mot. to Deny Dismissal [filed Nov. 1, 2007] [hereinafter "Pl.'s Reply"], *with* Mot. to Dismiss [filed May 5, 2007].) To the limited extent that this document speaks to the magistrate judge's instant recommendation, I consider the arguments contained therein below.

At the outset, I note my obligation to construe a *pro se* plaintiff's papers liberally, holding them to a less stringent standard than formal papers filed by attorneys. *See Truckwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

## *2.  Evaluation*

With respect to the dismissal of a complaint for non-compliance with a court order, Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b) (2008).  This rule has been interpreted as permitting courts to dismiss actions *sua sponte* when a litigant fails to follow "any order of court."  *See Powell v. Rios*, 241 F. App'x 500, 506 (10th Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 [1962]).

When a district court employs Rule 41(b) to dismiss a complaint without prejudice, the court is "not obligated to 'follow any particular procedures,'" but its decision will be subject to abuse-of-discretion review.  *See id.* (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 [10th Cir. 2007].)  By contrast, when a court employs Rule 41(b) to dismiss a complaint with prejudice, the court must consider the five *Ehrenhaus* factors, namely: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the litigant in advance that dismissal would be a likely sanction for non-compliance; and (5) the efficacy of lessor sanctions.  *See Nacious*, 492 F.3d at 1162; *see also Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).

In the instant case, Magistrate Judge Mix recommended dismissal of Plaintiff's complaint *with prejudice*, analyzing the effect of his failure to follow court orders under the *Ehrenhaus* factors, albeit without reference to the relevant Federal Rule of Civil Procedure upon which these factors have been grafted. (*See* Dismiss Rec. at 2–4.) Because, based on the ensuing analysis, I find that Plaintiff's complaint should be dismissed *without prejudice*, I am not required to follow the same analytical framework employed by the magistrate judge. *See Powell*, 214 F. App'x at 506. Nonetheless, in the interest of analyzing the magistrate judge's recommendation with greatest clarity, I proceed through her arguments as they pertained to the *Ehrenhaus* factors.

### a. *Degree of Actual Prejudice to the Defendants*

With respect to the degree of actual prejudice to the Defendants, Magistrate Judge Mix found that Plaintiff's failure to satisfy his monthly filing obligations "has not delayed the progression of his case toward resolution, nor have [D]efendants been prejudiced or adversely impacted." (Dismiss Rec. at 2.) Because I agree, I find that the lack of actual prejudice to Defendants militates against dismissing Plaintiff's complaint.

### b. *Amount of Interference with the Judicial Process*

With respect to the effect of Plaintiff's actions upon the judicial process, Magistrate Judge Mix found that: "[P]laintiff's persistent failure to follow the Court's Orders with respect to his obligation to pay the filing fee, and the Court's continual review of his file and issuance of orders regarding the filing fee increase the workload of the Court and therefore interferes with the administration of justice." (*Id.* at 3.) Plaintiff does not directly refute this contention, but

inappositely charges that "Defendants' [sic] have most DEFINITELY interfered w/ [sic] the Judicial Process [sic]."² (Pl.'s Br. at 2 [emphasis in original].)

Because I find that Plaintiff's unelaborated suggestion that Defendants' actions have interfered with the judicial process is irrelevant to whether *his own actions* have as well, I find his objection on this score unavailing. Moreover, I agree with Magistrate Judge Watanabe's conclusion that "[i]t is not acceptable for [P]laintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause . . . [because] [s]uch a procedure unreasonably burdens the Court." (7/17/07 Order at 2.) Accordingly, I find that Plaintiff's persistent failure to meet his monthly obligations significantly interferes with the judicial process and militates in favor of dismissal.

### c. *Culpability of the Litigant*

With respect to Plaintiff's culpability, Magistrate Judge Mix noted that "Plaintiff was given an expressed [sic] order to make payments toward the filing fee or to show cause why he could not . . . [and] Plaintiff failed to respond to that Order." (Dismiss Rec. at 3.) Accordingly, as Magistrate Judge Mix concluded, "[f]rom the record, the Court must draw the conclusion that [P]laintiff is blameworthy because he has willfully ignored this Court's Order." (*Id.*)

---

²It is unclear to what Plaintiff is referring through this single, conclusory allegation in his brief. (*See* Pl.'s Br. at 2.) Nonetheless, read in the light most favorable to Plaintiff, I find that his allegation *may* refer the underlying alleged misconduct of Defendants that forms the basis of his instant section 1983 claims. (*See id.* at 1 [urging court to sustain objection to the magistrate judge's recommendation "in light of EXTRAORDINARY retaliation against him, while here at [FCF]" (emphasis in original)].)

In objecting to this finding, Plaintiff argues that: (1) he was in segregation four times during the three months preceding the magistrate judge's recommendation; (2) FCF officials have not issued inmate trust fund account statements to him since May 2007; (3) the FCF librarian refuses to photocopy account statements for him; and (4) "[a]pparently, the Court has not been receiving [his] mail[;] in fact it is a CERTAINTY." (Pl.'s Br. at 1–2 [emphasis in original].) Defendants vigorously refute each of these allegations, proffering fourteen exhibits demonstrating that: (1) CDOC regulations permit inmates to send legal mail even if they are indigent, (Defs.' Resp., Ex. A–2 at 2 [Mail Regs.]); (2) Plaintiff has deducted postage expenses from his inmate account fifteen times since March 2007, (*id.*, Ex. A–3 at 1–2 [Account Activity]); (3) Plaintiff sent at least two letters to this court and to the Tenth Circuit since June 2007, (*id.*, Ex. A–4 [Mail Log]); (4) Plaintiff requested and received various materials in July and August 2007, including paper and caption forms, (*id.*, Ex. A–5 [Material Request Forms]); (5) Plaintiff used the FCF law library at least eight times in July and August 2007, (*id.*, Ex. A–6 [Library Log]); (6) CDOC regulations permit inmates to purchase photocopies of legal documents, even if they have negative account balances, (*id.*, Ex. A–2 at 2 [Photocopy Regs.]); (7) Plaintiff deducted photocopy expenses from his inmate account eleven times since March 2007; (*id.*, Ex. A–3 at 1–2 [Account Activity]); (8) both CDOC and FCF regulations require that inmates receive their inmate account statements every month, (*id.*, Ex. A–8 at 2 [CDOC Account Regs.], Ex. A–9 [FCF Account Regs.]); (9) Plaintiff was in segregation three times between July and September 2007 for periods spanning eleven to twenty days, (*id.*, Ex. A–10 [Discipline Record]); and (10) both CDOC and FCF regulations allow regular mail service and alternative procedures for accessing legal materials

to inmates in segregation, (*id.*, Ex. A–11 [CDOC Segregation Regs.], Ex. A–14 [FCF Segregation Regs.]).

Based on Defendants' proffered evidence, and Plaintiff's failure to persuasively reply thereto,[3] I find that Plaintiff's objections to the magistrate judge's determination on this point are unavailing. The uncontested evidence shows that, at a minimum, CDOC and FCF regulations mandate delivery of inmate account statements to Plaintiff every month and allow him to send such documents to this court, irrespective of his inability to pay or his confinement in segregation. (*See id.*, Ex. A–2 at 2 [Mail Regs.], Ex. A–8 at 2 [CDOC Account Regs.], Ex. A–9 [FCF Account Regs.], Ex. A–11 [CDOC Segregation Regs.], Ex. A–14 [FCF Segregation Regs.].) Moreover, this evidence suggests that Plaintiff not only knew about these regulations, *but actually availed himself of them*, because he deducted postage expenses from his account fifteen times even though he was indigent; sent letters to various parties throughout the summer of 2007; requested and received legal materials; and deducted photocopy expenses from his account eleven times since March 2007. (*See id.*, Ex. A–3 at 1–2 [Account Activity], Ex. A–4 [Mail Log], Ex. A–5 [Material Request Forms], Ex. A–10 [Discipline Record].) Moreover, as Defendants correctly point out, Plaintiff continued to ignore his monthly statement obligations even *after*

---

[3]Plaintiff does append three documents to his reply brief that appear to demonstrate denial of his requests for photocopies of his inmate account statements in October 2006, January 2007, and February 2007. (*See* Pl.'s Reply, Ex. 1 at 4.) Nonetheless, because (1) none of these documents are explained in Plaintiff's brief, (2) *all* of these documents predate the instant relevant court orders, and (3) each of these documents at least suggest that Plaintiff had *original* copies of his inmate account statements which he presumably could have sent to this court, I find these documents ineffective to refute Defendants' proffered evidence. (*See id.*)

Magistrate Judge Mix had issued her September 10, 2007, recommendation to dismiss. (*See id.* at 6.) For the foregoing reasons, I find that Plaintiff is culpable for violating this court's orders and that this fact militates in favor of dismissal.

### d. *Advance Warning of Possibility of Dismissal*

With respect to the advance warning of the possibility of dismissal, Magistrate Judge Mix noted that: "Plaintiff has previously been warned that he risked dismissal of his case if he continued to fail to comply with this Court's Orders." (Dismiss Rec. at 3.) Plaintiff does not dispute this contention, but obliquely suggests that he never received the relevant orders. (*See* Pl.'s Br. at 2 [asking: "Has no-one (sic) received my mail? I have received no Orders."].)

I find Plaintiff's unelaborated suggestion that he may never have received the relevant court orders unbelievable. First, Defendants have proffered uncontested logs showing that Plaintiff repeatedly received and signed for legal mail throughout the summer of 2007, including one letter sent from this court and received by Plaintiff on July 19, 2007. (*Compare* Def.'s Resp., Ex. A–1 at 4 [Mail Receipt Log], *with* 7/17/07 Order.) Second, Plaintiff references *these very orders* in his objection to Magistrate Judge Mix's recommendation, noting that the first order allowed him "to proceed in-forma-pauperis on 3-2-07 [sic]," and observing that "[o]n 7-17-07 Plaintiff was issued a 'show cause' Order by the Court." (Pl.'s Br. at 1.) Finally, I note that, even if Plaintiff first learned of the relevant court orders from Magistrate Judge Mix's recommendation to dismiss, his failure to follow those orders in the *following months* would *still* justify dismissal of his complaint. For the foregoing reasons, I find that Plaintiff's objection to Magistrate Judge Mix's determination on this point is unconvincing.

Finally, even though I agree that Plaintiff has received ample advance warning of the possibility of dismissal, I disagree with Magistrate Judge Mix's conclusion that this warning militates in favor of dismissal *with prejudice*. Magistrate Judge Boland's March 2, 2007, order warned only that Plaintiff's complaint could "be dismissed *without prejudice*," and Magistrate Judge Watanabe's July 17, 2007, order warned only that Plaintiff's complaint "may be dismissed." (3/2/07 Order at 2 [emphasis added]; 7/17/07 Order at 3.) As such, I find that the advance warning Plaintiff received militates in favor of dismissal *without prejudice* only.

### e. *Efficacy of a Lessor Sanction*

Finally, with respect to the efficacy of a lessor sanction, Magistrate Judge Mix argued for dismissal with prejudice by stating: "Lessor sanctions would not be effective because [P]laintiff has failed to follow other court orders." (Dismiss Rec. at 3.) I respectfully disagree. Considering both the lack of actual prejudice to Defendants and the absence of an advance warning that Plaintiff's complaint might be dismissed *with prejudice*, I find that the sanction of dismissal with prejudice is too harsh. Nonetheless, because Plaintiff has repeatedly ignored court orders, received warnings that dismissal *without prejudice* might be forthcoming, and interfered with the judicial process through his intransigence, I find that dismissal *without prejudice* is an appropriate sanction.

### 2. *Conclusion*

Based on the foregoing it is therefore ORDERED that Plaintiff's objection to the magistrate judge's recommendation (# 34) is SUSTAINED in part and OVERRULED in part:

1. Plaintiff's objection is SUSTAINED to the extent that the magistrate judge recommended dismissal with prejudice; but

2. Plaintiff's objection is OVERRULED to the extent that magistrate judge recommended dismissal.

3. The clerk shall forthwith enter judgment in favor of Defendants and against Plaintiff, dismissing all of Plaintiff's claims without prejudice.

Dated this 31st day of March, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge